**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TRESA FLOYD, a single woman,

Plaintiff-Appellant,

v.

COUNTY OF MARICOPA,

Defendant-Appellee.

No.    16-15450

D.C. No. 2:14-cv-02617-NVW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted June 5, 2017
Pasadena, California

Before:  THOMAS, Chief Judge, REINHARDT, Circuit Judge, and KORMAN,[**] District Judge.

Tresa Floyd appeals the district court's grant of summary judgment to

Maricopa County on her claims under the Family and Medical Leave Act

("FMLA") and the Americans with Disabilities Act ("ADA").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the history and facts of this case, we need not recount them here.

I

The district court did not err by granting summary judgment to the County on Floyd's FMLA claim. Under the FMLA, a covered employee may take up to twelve weeks of leave for her own serious illnesses or to care for family members. *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1119 (9th Cir. 2001) (citing 29 U.S.C. § 2612(a), 1614(a)(1)). The FMLA guarantees the employee reinstatement after exercising her leave rights. *Id.* In addition to these substantive rights, the FMLA provides protection in the event an employer discriminates against an employee for exercising those rights. *Id.* at 1122–24. There are two types of claims under the FMLA: interference claims, in which employers "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" by the FMLA; and retaliation claims, in which employers discriminate against employees "for instituting or participating in FMLA proceedings or inquiries." *Id.* at 1122, 1124 (quoting 29 U.S.C. § 2615(a)(1)). Floyd brings only an interference claim in this case. To prevail on her claim, Floyd must prove by a preponderance of the evidence that her taking of FMLA-protected leave constituted a negative factor in the decision to demote her. *Id.* at 1125. "She can prove this

claim, as one might any ordinary statutory claim, by using either direct or circumstantial evidence, or both." *Id.*

Floyd did not tender sufficient evidence to create a genuine issue of material fact as to causation. At best, Floyd shows that she subjectively believed that her supervisor was unhappy with her FMLA leave, but this is not sufficient to, by itself, demonstrate causation. Absent stray remarks by her supervisor, there is no record evidence showing a causal link between her availment of FMLA benefits and her demotion. Moreover, the County has met its burden of establishing it had legitimate reasons to demote Floyd for a number of reasons, several of which Floyd conceded. Therefore, summary judgment was appropriate on this claim.

II

The district court likewise did not err by granting summary judgment to the County on Floyd's ADA claim. To state a prima facie case under the ADA, Floyd must show that: (1) she is disabled within the meaning of the ADA; (2) she is a qualified individual, meaning she can perform the essential functions of her job; and (3) the County terminated her because of her disability. *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999) (stating that "[t]he ADA prohibits an employer from discriminating against a qualified individual with a disability because of the disability") (quoting 42 U.S.C. § 12112(a)). Discrimination claims

3

under the ADA are subject to the burden-shifting framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). *Curley v. City of N. Las Vegas*, 772 F.3d 629, 632 (9th Cir. 2014).

Floyd cannot make a prima facie case of discrimination under the ADA because she cannot establish that the County terminated her because of her disability. Floyd did not establish that the person responsible for her demotion decision was aware of Floyd's disability. Even assuming that Floyd stated a prima facie case, the County met its burden to articulate legitimate, nondiscriminatory reasons for Floyd's demotion. Moreover, Floyd has failed to produce evidence, aside from stray remarks from her supervisor, that the reasons given for her demotion were a "pretext for discrimination." *See Reeves v. Sanderson Plumbing*, 530 U.S. 133, 143 (2000).

**AFFIRMED.**